

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN
~~XXXXXXXXXXXXXXXXXXX~~
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable J. J. Brown, Director
Crippled Children's Division
State Board for Vocational Education
Austin, Texas

Dear Sir:

Opinion No. 0-3788
Re: Whether Dr. J. M. Coleman may
be employed as medical consul-
tant in the Crippled Children's
Division of the Department of
Education while also serving as
director of the Maternal and
Child Health Division of the
State Department of Health.

Your letter of July 16, 1941, requests the
opinion of this department with reference to the following
matter:

Dr. J. M. Coleman is presently employed as
director of the Maternal and Child Health Division of
the State Department of Health. It is proposed that
he be employed to serve as medical consultant in the
Crippled Children's program administered by the State
Department of Education, under the proposed arrangement
that he will give fifty percent of his time to this
division and the remaining fifty percent to the State
Department of Health.

You further state that Dr. Coleman's salary
in both positions would be paid entirely from federal
funds granted to Texas for carrying on these two pro-
grams.

Upon this state of facts you inquire as to the
legality of this proposed arrangement.

Section 33 of Article 16 of the State Constitu-
tion provides:

"The accounting officers of this State shall
neither draw nor pay a warrant upon the treasury
in favor of any person, for salary or compensation
as agent, officer or appointee, who holds at the
same time any other office or position of honor,

trust or profit, under this State or the United States, except as prescribed in this Constitution."

There are certain exceptions provided, which, however, are not material to the question under consideration.

In our opinion No. O-2607, we considered this constitutional provision, as it applies to the holding of two positions under this State. In that opinion, we held that a physician employed part time by one institution of the State, who accepts and holds a similar place in another institution at the same time, cannot receive salary or compensation from the State for either position during the period of time that both are held.

The conclusions expressed in that opinion are applicable to the question presented by you. If Dr. Coleman, while serving as director of the Maternal and Child Division of the State Department of Health, should also serve as medical consultant in the Crippled Children's program of the State Department of Education, giving half of his time to each position, the accounting officers of this State, by virtue of the provisions of Section 33 of Article 16 of the State Constitution, are prohibited from drawing or paying a warrant upon the Treasury in favor of Dr. Coleman for the salary or compensation attaching to either position during the period of time that Dr. Coleman holds both positions. The fact that the funds from which the salaries are paid are derived by grant from the federal government to the State of Texas does not affect the question. These federal monies are granted to the State and become State funds, impressed with a trust. They are deposited in the State Treasury, and are withdrawn by warrant issued and paid by the accounting officers of this State.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By (Signed) R. W. FAIRCHILD
                                    Assistant

RWF:mp
AMM

APPROVED AUG. 21, 1941

s/ GERALD C. MANN
Attorney General of Texas

APPROVED Opinion Committee
By C.I.C.,Chairman